IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HAUSTRA MBA TEYIM,
                    *Petitioner*,

    v.

PAUL PERRY, *et al.*,
                    *Respondents*.

1:25-cv-01615-MSN-WEF

## **ORDER**

Petitioner Haustra Mba Teyim, an alleged native and citizen of Cameroon, has filed a four-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") since September 9, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I); his right to a bond determination hearing pursuant to 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II); his due process rights (Count III); and his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution (Count IV).

Mr. Teyim is currently detained at Caroline Detention Facility, which is within this Court's jurisdiction and the basis upon which he is suing Paul Perry, the warden of Caroline Detention Facility. Mr. Teyim has also sued Matthew Elliston, ICE's Deputy Assistant Director for Field Operations, Eastern Division, for Enforcement and Removal Operations; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General (collectively, "the federal respondents"). For the reasons that follow, the Court finds that Mr. Teyim is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Count III, and the Respondents will be ordered to

release him from custody and provide him with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a).[1]

## I.   BACKGROUND

Mr. Teyim, a citizen of Cameroon, entered the United States in November 2022, near San Ysidro, California, without being admitted or paroled by an immigration officer. ECF 1 ¶ 37; ECF 7-1 ¶¶ 5-6. DHS detained Mr. Teyim but then released him from its custody. ECF 1 ¶ 37. Until his recent arrest, Mr. Teyim was gainfully employed, paid U.S. taxes, and took care of his elderly mother, who is a lawful permanent resident. *Id.* at ¶¶ 41-42.

On June 23, 2023, Mr. Teyim filed a Form I-589, Application for Asylum and Withholding of Removal, with the U.S. Citizenship and Immigration Services ("USCIS"). ECF 7-1 ¶ 7. His asylum application is still pending. *See* ECF 1 ¶ 38. Approximately two years later, on July 2, 2025, DHS served Mr. Teyim with a Notice to Appear[2] which charged him with being inadmissible to the United States—and therefore subject to removal—pursuant to 8 U.S.C. § 1182(a)(b)(6)(A)(i). ECF 7-1 ¶ 8; ECF 7-2.

On September 9, 2025, Mr. Teyim was involved in a car accident in the District of Columbia. ECF 1 at 2. At the scene of the accident, police tested him for alcohol consumption and arrested him for driving under the influence. *Id.* Federal respondents subsequently detained Mr. Teyim and transferred him to Caroline Detention Facility. *Id.* Mr. Teyim's charge for driving under the influence remains pending and he has been in detention since his arrest. *Id.*

On September 19, 2025, Mr. Teyim filed a motion for custody redetermination, requesting that an IJ release him on bond. ECF 7-1 ¶ 10. An IJ held a hearing on October 1, 2025, but found

---

[1] Because the Court is granting relief on due process grounds, it need not address Mr. Teyim's arguments based on the INA, the bond regulations, or the Eighth Amendment.

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

that Mr. Teyim was detained under 8 U.S.C. § 1225(b)(2)(A), and, therefore ineligible for bond. *Id.* at ¶ 11.

Mr. Teyim appears to have anticipated this result. On September 25, 2025, prior to his bond hearing, he filed his Petition for Writ of Habeas Corpus (ECF 1), challenging his detention without bond, as well as an emergency motion for a temporary restraining order, seeking to prevent his transfer out of this District or the United States (ECF 2). This Court enjoined Federal Respondents from removing Petitioner for seven days (ECF 3), and then extended the injunction unless and until it issued a contrary order (ECF 5). The Federal Respondents have opposed Mr. Teyim's Petition. ECF 7.

## II.    ANALYSIS

The central question posed in Mr. Teyim's Petition is whether he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a).[3] The federal respondents contend that Mr. Teyim's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." ECF 7 at 11. According to the Federal Respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 10-22. They therefore argue that because Mr. Teyim is present in the

---

[3] The federal respondents argue that 8 U.S.C. §§ 1252(b)(9) and 1252(g) divest this Court of jurisdiction to review the legality of Mr. Teyim's detention. ECF 7 at 6-7. These jurisdictional arguments are identical to the ones this Court rejected in *Quispe-Ardiles v. Noem*, No. 25-cv-01382, 2025 WL 2783800, at \*3-4 (E.D. Va. Sept. 30, 2025). For the reasons stated in *Quispe-Ardiles*, this Court finds that it possesses jurisdiction to entertain Mr. Teyim's Petition to the extent he challenges the constitutionality of his detention.

United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.* at 12.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8-9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, (E.D. Va. Sept. 30, 2025), and maintains and incorporates that reasoning into this Order.

Because Mr. Teyim has been present in the United States since 2022, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Mr. Teyim's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ, in which the IJ must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Mr. Teyim's continued detention is unlawful.

---

[4] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

4

## III.    CONCLUSION

For all the reasons stated above, Mr. Teyim's Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Mr. Teyim be released from custody, with all his personal property, pending his bond hearing before an IJ. Mr. Teyim must appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that Mr. Teyim's counsel immediately provide the Court and Federal Respondents with a fixed address for Mr. Teyim's release so that DHS may notify him of future bond proceedings[5]; and it is further

ORDERED that respondents provide Mr. Teyim with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents are ENJOINED from denying bond to Mr. Teyim on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Mr. Teyim has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Mr. Teyim's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

October 15, 2025
Alexandria, Virginia

---

[5] Petitioner should redact personal identifiers or file those documents under seal.

5